937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William R. DELORIA, Plaintiff-Appellant,
v.
Dr. Jaime R. SCERPELLA, Defendant-Appellee.
 No. 90-3343.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 2, 1991.*
Decided July 15, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 William Deloria filed an action in Wisconsin state court alleging that defendant, while employed by the Veterans' Administration, had engaged in malpractice and conspired to deprive him of his due process rights in the hearing for veterans benefits. On defendant's motion, the case was removed to federal court and the United States was added as the proper party regarding the malpractice claims. On appeal, Deloria challenges the orders of the district court judge: (1) refusing to recuse himself from the action; (2) dismissing the tort claims against the United States for failure to exhaust administrative remedies; (3) dismissing the constitutional claims because the defendant was sued in his individual capacity rather than his official capacity and because the court is without power to grant the relief requested; and (4) refusing to grant Deloria's motion for default judgment. We affirm.
 
 
 2
 After the case was removed to federal court and assigned to Judge Curran, Deloria filed a motion for the judge to recuse himself under 28 U.S.C. Secs. 144 and 455(a), which the judge denied. The basis for his motion was that Judge Curran was biased because his rulings in a previous case involving Deloria demonstrated an unsympathetic view towards Deloria's claims. "[W]hen a judge denies a motion to disqualify himself under Sec. 455(a), the moving party's sole recourse is to apply to this court immediately for a writ of mandamus." United States v. Balistrieri, 779 F.2d 1191, 1205 (7th Cir.1985). Because Deloria failed to pursue that remedy, we can consider only his Sec. 144 claim. In United States v. Grinnell Corporation, 384 U.S. 563, 582-83 (1966), the Supreme Court held that bias alleged as a basis for disqualification under Sec. 144 must stem from an extra-judicial source. See also United States v. Barnes, 909 F.2d 1059, 1072 (7th Cir.1990); Adkins v. Commissioner of Internal Revenue, 875 F.2d 137, 142 (7th Cir.1989). Deloria essentially claims that Judge Curran is biased against him because of his participation in a previous case involving Deloria. That claim does not stem from an extra-judicial source, and therefore does not provide a basis for recusal under Sec. 144.
 
 
 3
 The second challenge raised by Deloria is that the district court erred in dismissing his claims under the Federal Tort Claims Act for failure to exhaust administrative remedies. In the district court, Deloria asserted that he had filed an administrative complaint regarding those claims, but defendant submitted an affidavit indicating that no such claim had been filed. The district court then ordered Deloria to provide a certified copy of that claim or face dismissal. In response to that order, Deloria provided a copy of what purported to be his administrative claim but the copy was not certified and did not contain the same claims as those set forth in the lawsuit. Accordingly, the court dismissed the FTCA claims for failure to exhaust administrative remedies. That dismissal was not erroneous. Deloria failed to demonstrate that he had exhausted administrative remedies which is a prerequisite to maintaining a FTCA action. Deloria v. Veterans Administration et al., No. 89-3334, slip op. at 3 (7th Cir. March 21, 1991). Even assuming that the document submitted to the court was an authentic administrative claim, the allegations in the administrative complaint were not the same as the allegations in the lawsuit. Therefore, Deloria failed to demonstrate that he had exhausted administrative remedies as to the charges in the lawsuit.
 
 
 4
 The third claim on appeal concerns the propriety of the district court's dismissal of Deloria's constitutional claims. Essentially, Deloria alleged that Dr. Scerpella and other employees of the Veterans Administration conspired to deprive him of his due process rights through actions such as fraud, fabrication of evidence, withholding of documents, and tampering with files. As an initial matter, these claims may not even present a due process challenge. The allegations regarding misrepresentations and tampering with evidence indicate a claim analogous to fraud on the court, but in the context of an administrative proceeding. Such a claim does not really attack the procedures set up to adjudicate the claim, but rather asserts that witnesses or others involved in the presentation of evidence attempted to deceive the factfinder. This type of claim can be asserted on appeal from the administrative decision, at which time evidence regarding the fraud can be presented.
 
 
 5
 Although essentially a fraud claim, Deloria's allegations could implicate the due process clause if the perpetrators of the fraud were themselves the factfinders. In that case, the integrity of the process is called into question as well as the outcome. Deloria does not clearly assert that Scerpella was a decisionmaker in the administrative process as opposed to a witness. At one point in his pleadings, however, he states that Scerpella along with two other individuals conducted the hearing. That contention leaves open the possibility that Scerpella was one of the decisionmakers, and is sufficient to implicate the due process clause.
 
 
 6
 Nevertheless, the district court correctly dismissed the case because the allegations of conspiracy in the complaint are too speculative and conclusory to state a constitutional claim. Deloria filed a twenty-seven page single-spaced complaint alleging that on numerous occasions defendant engaged in fabrication of evidence, fraud, and other illegal attempts to skew the hearing. Throughout that complaint, however, Deloria gives no indication of the exact nature of his claim, such as identifying what documents were removed or altered, what misrepresentations were made, etc. Bare allegations of conspiracy without any substance are not sufficient to state a constitutional claim. See Elliott v. Perez, 751 F.2d 1472, 1479 (5th Cir.1985) and cases cited therein. In fact, Deloria's claims are essentially premised upon a claim of fraud, and under Fed.R.Civ.P. 9(b) a plaintiff must plead with particularity the circumstances constituting fraud. See Robin v. Arthur Young & Co., 915 F.2d 1120, 1127 (7th Cir.1990).
 
 
 7
 The absence of any specific allegations is even more stark in a subsequent pleading by Deloria. Upon receiving defendant's motion to dismiss, the court ordered Deloria to submit a response to the motion and to set forth his claims and the theories under which he was proceeding. Deloria submitted a sixty-eight page summary of his claims and the legal bases for them, but again failed to include any specific allegations; instead, Deloria again relied on generalized allegations of wrongdoing and on promises that he had documentary evidence to support all his claims. The absence of any specific allegations in such a lengthy response further indicates his inability to state a constitutional claim. Accordingly, the district court did not err in dismissing the remaining claims.
 
 
 8
 The final issue raised by Deloria is the district court should have granted his motions for default judgment because defendant failed to respond to his complaint within the time limits set by Wisconsin state law and also within the time limits set forth in the Federal Rules of Civil Procedure upon removal. It is well-settled that upon removal of a case from state court the Federal Rules of Civil Procedure govern proceedings in federal court. Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438 (1974). Under those rules, the district court is given a great deal of discretion in determining whether to impose default judgment and Deloria has shown no basis for finding an abuse of that discretion. See Merrill Lynch Mortg. Corp. v. Narayan, 908 F.2d 246, 250 (7th Cir.1990) (decision reviewed only for abuse of discretion).
 
 
 9
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record